MELISSA ZEHE, et al,

                Plaintiffs,

                                   Case No. 26-cv-0628-bhl

      v.

WASHINGTON COUNTY, et al,

                Defendants.

## SCREENING ORDER

On April 13, 2026, Plaintiffs Melissa Zehe and Jacob Sabel, proceeding without an attorney and listing five of their minor children as additional plaintiffs, filed this lawsuit against Defendants Washington County, Lisa Ewing, Beth Wanke and Ambeer Oostdyk (Washington County Child Protective Services (CPS) Department employees), Deputy Andrew Graper, Deputy Brian Herbst and Lieutenant Herman (Washington County Sheriff's Department employees), and 20 John Doe Defendants. (ECF No. 1). Plaintiffs seek to bring claims on behalf of themselves and their children under 42 U.S.C. §1983 and various Wisconsin state law theories related to Defendants' actions between December 2022 and April 2023 in which they intervened and took temporary custody of Plaintiffs' minor children. (*Id*.) Plaintiffs have also filed a motion to proceed without prepayment of the filing fee, or *in forma pauperis* (IFP). (ECF No. 3.) The matter is before the Court for consideration of Plaintiffs' IFP motion and the screening of their complaint. Because Plaintiffs' claims are time-barred by the applicable statute of limitations, the complaint will be dismissed. Because Plaintiffs cannot properly bring claims on behalf of their minor children while proceeding *pro se*, the children's claims will be dismissed without prejudice.

### IFP MOTION

The Court has authority to allow a plaintiff to proceed IFP upon the submission of an affidavit that identifies the plaintiff's assets and allows the Court to find that the plaintiff is unable to pay the filing fee. *Cf.* 28 U.S.C. §1915(a)(1). Zehe and Sabel submitted a signed affidavit identifying their income, assets, and financial obligations. (ECF No. 3.) Neither Plaintiff is

regularly employed, but they reported earning $3,394.41 from irregular gig work in March. (*Id.* at 2.) Over the last twelve months, they earned $6,331.59 from irregular gig and delivery work. (*Id.*) Plaintiffs have six minor children, one of whom receives monthly social security payments of $1,077.78. (*Id.* at 1–2.) They also receive $1,789.00 in Wisconsin Food Share benefits monthly. (*Id.*) They owe $2,078.83 each month in mortgage payments, $479.29 for a car payment, and have $3,498.99 in other household expenses. (*Id.* at 2.) They own one car, a 2017 Kia Sedona worth $3,900.00. (*Id.* at 3.) They have negative equity on their home, are overdrawn on their checking account by $53.00, have several credit cards in collections (they do not specify an amount), and have no other property of value. (*Id.*) Their "home was recently in forbearance" and they incurred credit card debt and borrowed money to pay for a criminal defense attorney. (*Id.* at 4.) Based on these sworn assertions, the Court concludes that Zehe and Sabel are indigent and will grant their motion to proceed IFP.

## SCREENING THE COMPLAINT

The Court has authority to screen a *pro se* complaint. *Cf.* 28 U.S.C. §1915(e)(2). In doing so, the Court examines the complaint to determine whether the action is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. *Id.* In screening the complaint, the Court applies the liberal pleading standards embraced by the Federal Rules of Civil Procedure. To survive screening, the complaint must include a "short and plain statement of the claim showing that [the plaintiff] is entitled to relief." Fed. R. Civ. P. 8(a)(2). "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Id.* (citing *Twombly*, 550 U.S. at 555). A complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "Factual allegations must be enough to raise a right to relief above the speculative level." *Id.* at 555 (citation omitted). If the complaint fails to allege sufficient facts to state a claim on which relief may be granted, it must be dismissed. *See Luevano v. Wal-Mart Stores, Inc.*, 722 F.3d 1014, 1018 (7th Cir. 2013).

Complaints do not need to anticipate defenses to survive screening or a motion to dismiss, but "[a] plaintiff whose allegations show that there is an airtight defense has pleaded himself out

of court," and that plaintiff's case may be dismissed on the pleadings. *Richards v. Mitcheff*, 696 F.3d 635, 637 (7th Cir. 2012). Although a statute of limitations is an affirmative defense, a complaint will be dismissed for a statute of limitations defense if "the allegations of the complaint [] set forth everything necessary to satisfy the affirmative defense." *Sidney Hillman Health Ctr. of Rochester v. Abbott Lab'ys, Inc.*, 782 F.3d 922, 928 (7th Cir. 2015) (citation omitted).

## ALLEGATIONS

Melissa Zehe and Jacob Sabel are residents of Washington County, Wisconsin. (ECF No. 1 ¶¶4–5.) Zehe and Sabel have six biological children; this case concerns the temporary removal of five of those children. (*Id.* ¶¶6–10.) Washington County is a municipal corporation that operates a CPS department. (*Id.* ¶11.) Lisa Ewing and Amber Oostdyk were CPS caseworkers employed by Washington County. (*Id.* ¶¶12, 14.) Beth Wanke was a CPS supervisor employed by Washington County. (*Id.* ¶13.) Deputies Andrew Graper and Brian Herbst were deputy sheriffs employed by the Washington County Sheriff's Department. (*Id.* ¶¶15–16.) Lieutenant Herman was a "supervising law enforcement officer" employed by the Washington County Sheriff's Department. (*Id.* ¶17.) Plaintiffs also name 20 unknown defendants who are CPS caseworkers, medical providers, and clinic staff. (*Id.* ¶18.)

On December 2, 2022, Washington County CPS and Washington County Sheriff's Department personnel responded to Plaintiffs' residence after receiving reports that Plaintiffs' home had a broken furnace, malfunctioning plumbing, other broken appliances, and no food. (*Id.* ¶¶19, 34.) Defendants "entered by physically pushing past Plaintiff Jacob Sabel without his verbal agreement or consent" and without a warrant. (*Id.* ¶¶22–24.) Zehe and Sabel were kept separate from each other and questioned. (*Id.* ¶24a.)

When Defendants arrived, they found a number of problems. The furnace was broken, but Plaintiffs assert that the plumbing worked. (*Id.* ¶¶19–20.) A refrigerator had previously broken, and Plaintiffs had intentionally sealed it (with rotten food inside). (*Id.* ¶21.) A staircase railing needed repair, but Plaintiffs assert the family was not using the upstairs at the time, because of the broken furnace. (*Id.*) The children were outside, barefoot, and had "sandy soil on their skin[.]" (*Id.* ¶27.)

Following this incident, Plaintiffs' children were removed from the home and told they were going to a sleepover. (*Id.* ¶¶27, 29.) Despite Plaintiffs' requests, authorities did not place the children with their grandfather, who was present and willing to accept them into his care. (*Id.*

¶32.) Days later, the children were taken to a medical facility where they underwent physical examinations. (*Id.* ¶29.) One of the boys was referred to a urologist and received treatment. (*Id.* ¶38.) Plaintiffs list a variety of other "un-consented interventions," including applying fluoride to the children's teeth, haircuts, enrollment of at least one child in a religiously affiliated school, one child being placed in an upstairs bedroom where he felt lonely, one child riding in the front seat of a vehicle without a booster seat, one child being given a braided hairstyle, the children being fed foods containing gluten, and one child being told she would not return home before Christmas. (*Id.* ¶¶39–43.) Plaintiffs also assert that "foster placement agents annotated the children's medical charts to suggest that vaccine refusal constituted medical neglect." (*Id.* ¶44.) The children were returned to Plaintiffs' care on December 23, 2023. (*Id.* ¶40.)

On February 17, 2023, the Washington County Human services department held a hearing, and, three days later, determined that the "identified maltreatment" of Plaintiffs' children was due to poverty, rather than neglect. (*Id.* ¶52.) On February 21, 2023, criminal charges were filed against Zehe and Sabel. (*Id.* ¶53.) Those charges were dismissed sometime before Plaintiffs were scheduled to make their initial appearance, on April 3, 2023. (*Id.*) According to Plaintiffs, Washington County CPS also subjected Zehe to "retaliatory unsupervised-contact restrictions[.]" (*Id.* ¶¶53, 67, 83, 87.)

## ANALYSIS

Plaintiffs Zehe and Sabel attempt to bring thirteen claims against Defendants, some to vindicate their own injuries, and others on behalf of their minor children. The claims relating to injuries suffered by Zehe and Sabel all fail because they are being brought too late, after the statute of limitations has already run. The children's claims, to the extent they might be timely, are nevertheless not properly before the Court. Zehe and Sabel may not bring those claims on behalf of their children without counsel because they are not lawyers. For that reason, the Court will dismiss Zehe and Sabel's claims that relate to their own injuries with prejudice, and the children's claims *without prejudice*.

### I. Zehe and Sabel's Claims Fail Because the Statute of Limitations Expired Before They Filed Their Lawsuit.

Zehe and Sabel attempt to assert ten claims on their own behalf. All of these claims are time barred because they are subject to a three-year statute of limitations under Wisconsin law,

and the plaintiffs waited more than three years after the claims accrued to file their complaint. *See* Wis. Stat. §893.53.

Many of their claims are brought under 42 U.S.C. §1983. To state a claim under Section 1983, Zehe and Sabel must identify a person or persons acting under color of law who violated their federal rights. *See Case v. Milewski*, 327 F.3d 564, 566 (7th Cir. 2003). Police officers and child protective services workers are generally persons acting under color of law and can be held liable under Section 1983. Constitutional violations under Section 1983 are subject to time limits and must be filed within the statute of limitations governing personal-injury claims in the state where the alleged injury occurred. *Neita v. City of Chicago*, 830 F.3d 494, 498 (7th Cir. 2016) (citing *Savory v. Lyons*, 469 F.3d 667, 672 (7th Cir. 2006)). In Wisconsin, the applicable statute of limitations is three years. Wis. Stat. §893.53; *see also Milchtein v. Milwaukee Cnty.*, 42 F.4th 814, 822 n.2 (7th Cir. 2022).

Zehe and Sabel attempt to raise two Fourth Amendment claims, one based on Defendants' "unlawful warrantless entry" into Zehe and Sabel's home, and one based on the seizure of Zehe and Sabel (Counts I and IIA). (ECF No. 1 ¶¶62–63b.). These claims accrued at the time of the alleged search or seizure. *See Neita*, 830 F.3d at 498 (citing *Wallace v. Kato*, 549 U.S. 384, 396 (2007)). Here, the allegedly unconstitutional entry and seizures occurred in December 2022. (ECF No. 1 at 19.) Zehe and Sabel did not file their complaint until April 2026; the three-year statute of limitations had already expired more than three months earlier. *See* Wis. Stat. §893.53. These claims are therefore untimely.

Counts III and IV are based on the removal of Zehe and Sabel's children from their home and parents' custody in December 2022. Zehe and Sabel attempt to assert claims for violations of their procedural and substantive due process rights based on the removal. Procedural and substantive due process claims are subject to the same three-year statute of limitations, *Milchtein*, 42 F.4th at 822, and accrue "when the plaintiff knows or should know that his or her constitutional rights have been violated," *Kelly v. City of Chicago*, 4 F.3d 509, 511 (7th Cir. 1993). Zehe and Sabel's claims therefore accrued, at the latest, by the end of the separation, on December 23, 2022. *See Brokaw v. Mercer Cnty.*, 235 F.3d 1000, 1018–19 (7th Cir. 2000) (explaining that substantive due process provides the opportunity to evaluate the constitutionality of separation of parent and child); *Kelly*, 4 F.3d at 511. The statute of limitations thus passed before this suit was filed on April 13, 2026, and these claims are untimely. *See* Wis. Stat. §893.53.

In Count V, Zehe and Sabel attempt to bring a Fourteenth Amendment fabrication of evidence claim based on the use of allegedly fabricated evidence in court to justify removing their children. (ECF No. 1 ¶¶70–71.) This claim is also brought too late. A state actor can be liable for violating the due process clause by fabricating evidence and using it in a proceeding to deprive the plaintiff of a liberty interest, but the action accrues when the fabricated evidence was used to strip a person of their rights. *See Newsome v. McCabe*, 256 F.3d 747, 752 (7th Cir. 2001). But based on the allegations in the complaint, the fabrications occurred sometime before December 23, 2022, and there are no allegations that any Defendant later used any allegedly fabricated evidence to justify removing the children again. This claim is therefore also brought too late. *See* Wis. Stat. §893.53.

In Count VIII, Zehe and Sabel attempt to bring another substantive due process claim under Section 1983, asserting that notations in the children's "contaminated medical records" deprived them of constitutional rights to seek medical care for their children and violated the Fourteenth Amendment. (Count VIII). (ECF No. 1 ¶¶77–78.) While this claim would also likely be time-barred, it also fails because it does not implicate any established constitutional right. There is no constitutional right ensuring that private medical providers will maintain records to each parent or patient's liking. The claim will therefore be dismissed because it fails to state a claim, as well as being untimely.

In Count IX, Zehe and Sabel allege all Defendants were part of a civil conspiracy to deprive Zehe and Sabel of their rights by removing their children. (ECF No. 1 ¶¶79–80.) In Count X, Zehe and Sabel further allege that Washington County is liable under *Monell v. Department of Social Services*, 436 U.S. 658, 690–91 (1978), for conduct related to the removal and the later criminal child neglect charges. (ECF No. 1 ¶¶81–83.) Again, at the latest, these claims accrued by April 3, 2023, and are brought too late. Wis. Stat. §893.53.

In Count XI, Zehe and Sabel attempt to bring a First Amendment retaliation claim under Section 1983 against Defendants Ewing, Oostdyk, Wanke, and ten John Does, alleging that their formal administrative appeal was protected activity and criminal charges were filed against them in retaliation. (ECF No. 1 ¶¶84–85.) Again, the criminal charges were filed on February 21, 2023—more than three years before the complaint was filed—and are thus outside the statute of limitations. Wis. Stat. §893.53. While Zehe and Sabel also allege that their homeschooling was chilled for a period of years after the CPS involvement, that does not change when the cause of

action *accrued*. *See Reilly v. Will Cnty. Sheriff's Off.*, 142 F.4th 942, 930–31 (7th Cir. 2025) (explaining that a First Amendment retaliation claim accrues immediately after the retaliatory act occurred, so long as the plaintiff knows or should know that his constitutional rights were violated). This claim also fails.

Zehe and Sabel also attempt to bring a state law claim for intentional infliction of emotional distress against all Defendants, again in relation to the same removal of the children (Count XII). (ECF No. 1 ¶¶86–87.) This claim also fails, as it is subject to the same three-year statute of limitations. *See* Wis. Stat. §893.53.

Because these defects cannot be cured by amendment, the Court will dismiss these claims with prejudice and without leave to amend. *See Zimmerman v. Bornick*, 25 F.4th 491, 494 (7th Cir. 2022).

II.    **Zehe and Sabel Cannot Bring Their Children's Claims *Pro Se*; Those Claims Will Be Dismissed Without Prejudice.**

Zehe and Sabel also attempt to bring claims on behalf of their minor children but as nonlawyers they may not do so. Nonlawyer plaintiffs cannot represent others, including their minor children. *See Foster v. Board of Educ. of City of Chi.*, 611 Fed. App'x 874, 877 (7th Cir. 2015) ("[T]he rule prohibiting a nonlawyer from representing another person extends to a parent attempting to represent her minor child *pro se*.") (collecting cases); *see also* 28 U.S.C. §1654. For that reason, their children's claims are not properly before the Court and must be dismissed.

Zehe and Sabel attempt to assert two claims under Section 1983 on behalf of their children. They allege a Fourth Amendment claim that they were unreasonably seized in December 2022 and a substantive due process claim alleging defendants violated their children's rights to bodily integrity (Counts II and VI). (ECF No. 1 ¶¶64–65, 72–73.) Both claims are not properly before the court, because Zehe and Sabel cannot represent their minor children, as non-lawyers. *Foster*, 611 Fed. Appx. at 877. This claim will therefore be dismissed without prejudice. *Id.*

Zehe and Sabel also attempt to raise a claim under Title II of the Americans with Disabilities Act (ADA) and Section 504 of the Rehabilitation Act, 29 U.S.C. §794, asserting Defendants failed to accommodate their daughter's sensory and dietary needs while in foster care (Count VII). (ECF No. 1 ¶¶74–76.) Zehe and Sabel cannot bring a claim under Title II of the ADA or Section 504 based on their identity as their minor daughter's parents. 29 U.S.C. §794; 42 U.S.C. §12132; *Foster*, 611 Fed.Appx. at 876. Unlike some similar statutes, such as the

Disabilities Education Act, neither Title II of the ADA nor Section 504 grant parents the right to an independent enforcement action. *Foster*, 611 Fed.Appx. at 876; 29 U.S.C. §794; 42 U.S.C. §12132. Accordingly, Zehe and Sabel cannot sue on their own behalf and cannot, without counsel, sue on behalf of their daughter. Accordingly, this claim will also be dismissed without prejudice. *Foster*, 611 Fed. Appx. at 877.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' Complaint, ECF No. 1., is **DISMISSED**. Counts II, VI, and VII are **DISMISSED without prejudice**, as they are not properly before the Court. All other claims are **DISMISSED with prejudice**. The Clerk is directed to enter judgment accordingly.

**IT IS FURTHER ORDERED** that Plaintiffs' motion for leave to proceed without prepayment of the filing fee, ECF No. 3, is **GRANTED**.

Dated at Milwaukee, Wisconsin on June 24, 2026.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge